UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

CORRINE LUCAS,
on behalf of herself
and all others similarly situated,

                  Plaintiffs,

v.

INTERCONTINENTAL CAPITAL GROUP, INC.,

                  Defendant.

CIVIL ACTION NO. _____

Collective and Class Action Complaint

Demand for Jury Trial

---

## COMPLAINT

---

Plaintiff Corrine Lucas, individually and on behalf of all others similarly situated ("Plaintiffs"), respectfully moves for judgment against Defendant Intercontinental Capital Group, Inc. ("ICG" or "Defendant") as follows.

**I.      SUMMARY OF ACTION**

1. This Complaint seeks relief for claims for unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA") arising out work that Plaintiff, and others similarly situated, performed as employees of Defendant.

2. Plaintiff contends that Defendant has violated and continues to violate the overtime provisions of the FLSA by having a policy and/or practice of not including all bonuses, commissions, and other eligible remuneration earned by Plaintiff and other similarly situated employees in calculating their overtime pay rates. This resulted and results in Plaintiff and all similarly situated employees receiving less overtime wages than they are entitled to receive. These employees are similarly situated under the FLSA, 29 U.S.C. § 216(b).

1

3. The FLSA Collective is made up of all persons who have been employed by Defendant as a salesperson, including but not limited to loan officers, loan originators, loan processors, loan consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, client relations specialists, and other job titles, within three years prior to this action's filing to the trial of this action (the "Collective Period"). These employees have all been subject to the same policy and/or practice of Defendant of omitting bonuses, commissions, and other eligible remuneration earned in calculating their overtime pay rates.

4. Plaintiff, on behalf of herself and members of the FLSA Collective, seeks unpaid overtime wages, liquidated damages, pre and post judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendant's FLSA violations.

5. Plaintiffs reserve the right to propose amended class definitions and/or sub-classes in their motions for collective action and class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II. JURISDICTION AND VENUE

6. This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

7. Venue is proper for this Court pursuant to 28 U.S.C. § 1391 since Defendant has its headquarters in the Eastern District of New York and the acts and omissions giving rise to this lawsuit have taken place in the Eastern District of New York. For example, Defendant made the FLSA-violating pay decisions and issued the FLSA-violating payments to Plaintiff and similarly situated employees from its headquarters in Melville, New York.

8. Defendant is subject to personal jurisdiction in New York. It has its headquarters in Melville, New York. Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

### III. PARTIES

9. Plaintiff Corrine Lucas is a resident of Pennsylvania. From approximately November 2, 2020 to January 26, 2022, Plaintiff Lucas worked for Defendant as a mortgage loan processor. Plaintiff Lucas and similarly situated employees were paid by Defendant's Melville, New York office. Plaintiff Lucas processed loans from all over the country, including New York and the Eastern District of New York. She processed loans that came to her from loan officers throughout the country, including loan officers located in New York and in the Eastern District of New York. Plaintiff and each similarly situated employee was an "employee" as defined in the FLSA.

10. Defendant Intercontinental Capital Group, Inc., is a New York corporation. Its corporate headquarters are located at 265 Broadhollow Rd., Ste 220, Melville, NY, 11747. Defendant meets the definition of "employer" as defined in the FLSA. Defendant has offices and employees throughout the United States.

11. At all times relevant, Defendant exercised control over the terms and conditions of the employment of Plaintiff and other similarly situated employees.

12. At all times relevant, Defendant and its agents made the FLSA-violating pay decisions, administered payroll, and issued the FLSA-violating payments to all employees nationwide in and from its corporate headquarters in New York.

13. Plaintiffs are informed, believe, and thereon allege that Defendant's gross annual

sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, selling mortgage loans in multiple states.

## IV. FACTUAL ALLEGATIONS

14. Defendant ICG is in the business of selling mortgage loans and related products to consumers.

15. Defendant maintains offices in approximately twenty-five states and employs remote workers throughout the country.

16. Defendant employs salespeople who sell its products from inside Defendant's offices and/or from inside the salespeoples' home offices.

17. Defendant's salespeople may have different titles, depending on when and how they become involved in the sales process, date of hire, recruiting purposes, branding purposes, and possibly other factors. The titles given to Defendant's salespeople include but are not limited to loan officers, loan originators, loan processors, loan consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, client relations specialists, and others. These employees have all been subject to the same policy and/or practice of Defendant of omitting bonuses, commissions, and other eligible remuneration earned in calculating their overtime pay rates.

18. Regardless of titles, Defendant's salespeople are non-exempt employees entitled to overtime compensation under the FLSA when they work more than 40 hours in a week.

19. Under the FLSA, Defendant's salespeople are entitled to overtime compensation at a rate equal to 1.5 times their regular rate of pay for hours worked above 40 in a week.

20. Defendant's salespeople are generally compensated pursuant to uniform, template

employment agreements and/or compensation plans that provide for a base rate plus bonuses, commissions, and/or other remuneration. The bonuses and commissions are generally calculated using formulas that relate to sales and/or other kinds of productivity.

21. At all times relevant, when Defendant has calculated the overtime compensation it pays to its salespeople, Defendant uses an overtime rate that reflects only the salespeople's base rates.

22. At all times relevant, when Defendant has calculated the overtime compensation it pays to its salespeople, Defendant does not include the salespeople's bonuses, commissions, or other remuneration besides their base rates in calculating these employees' overtime rates of pay.

23. By not including bonuses, commissions, and/or other eligible remuneration in calculating the employees' overtime rates of pay, Defendant fails to pay the employees the full overtime wages they are entitled to receive under the FLSA, in violation of that law. *See also* 29 C.F.R. § 778.208 *et seq*.

24. At all times relevant, Defendant and its agents made and continue to make the FLSA-violating pay decisions, administered payroll, and issued the FLSA-violating payments to all employees nationwide in and from its corporate headquarters in New York.

25. From approximately November 2, 2020 to January 26, 2022, Plaintiff Lucas worked for Defendant as a loan processor.

26. As loan officers, loan processors, closers, and other similar job titles, Plaintiff's and similarly situated employees' job duties involved selling and processing mortgage loans to Defendant's customers.

27. Defendant paid Plaintiff and similarly situated employees a base rate plus bonuses and/or commissions.

28. Defendant paid Plaintiff and similarly situated employees a base rate of typically $10.00 to 20.00 per hour.

29. Plaintiff and similarly situated employees also received bonuses and/or commissions based on the sales they made each week. These payments were made to them on a monthly basis.

30. Plaintiffs worked more than 40 hours in some weeks. Plaintiff Lucas typically worked a total of 40-60 hours per week, depending on her workload. Similarly situated employees worked similar hours. Plaintiff's and similarly situated employees' overtime hours were recorded in Defendant's timekeeping system.

31. Defendant had a policy and/or practice of omitting certain overtime hours worked by Plaintiff and similarly situated employees from their overtime pay and therefore failed to pay Plaintiff and similarly situated employees for all overtime hours worked each workweek.

32. When Defendant calculated Plaintiff and similarly situated employees overtime rates of pay, it used regular rates of pay that reflected only the employees' base rates. Therefore, when Defendant paid Plaintiff and similarly situated employees overtime compensation, it used an overtime rate of pay that reflected only the employees' base rates.

33. For example, for the pay period 4/16/21 to 4/30/21, Plaintiff Lucas worked at least 14.33 or more overtime hours. For the workweeks covered by that pay period, she received bonuses and/or commissions that should have been included in her overtime pay rate. But she was only paid overtime using a regular rate that reflected only her base rate of $19.24 per hour, for an overtime rate of $28.86.

34. For another example, for the pay period 5/16/21 to 5/31/21, Plaintiff Lucas worked at least 6.42 or more overtime hours. For the workweeks covered by that pay period, she received

bonuses and/or commissions that should have been included in her overtime pay rate. But she was only paid overtime using a regular rate that reflected only her base rate of $19.24 per hour, for an overtime rate of $28.86.

35. When Defendant calculated similarly situated employees' overtime rates of pay, it used regular rates of pay that reflected only the employees' base rates. Therefore, when Defendant paid similarly situated employee's overtime compensation, it used overtime rates of pay that reflected only the employees' base rates.

36. When Defendant calculated Plaintiff's overtime compensation, it did not include Plaintiffs' bonuses, commissions, and/or other eligible remuneration in calculating her overtime rate of pay.

37. When Defendant calculated similarly situated employees' overtime compensation, it did not include their bonuses, commissions, and/or other eligible remuneration in calculating their overtime rates of pay.

38. When Defendant calculated Plaintiff's and similarly situated employees' overtime compensation, it had a policy and/or practice of not including all overtime hours worked in each 7-day workweek.

39. By not including bonuses, commissions, and/or other eligible remuneration in calculating Plaintiff's and similarly situated employees' overtime rates of pay, Defendant failed to pay or withheld from Plaintiff and similarly situated employees a portion of the overtime compensation they were entitled to receive under the FLSA.

40. Upon information and belief, Defendant omitted bonuses, commissions, and/or other remuneration from its overtime rate calculations with the intent to lower costs by paying its employees less than the full overtime wages guaranteed by the FLSA.

41. Defendant knew Plaintiff and similarly situated employees worked overtime hours without getting paid the full overtime premiums required by the FLSA.

42. Plaintiff and the similarly situated employees were not employed in any bona fide executive, administrative, or professional capacity. Nor did they qualify for the outside sales exemption.

43. Based on the nature of the job duties of Plaintiff and all similarly situated employees, there is no FLSA exemption that applies to preclude them from being paid the full overtime rate at one and one-half times their regular rate of pay, including bonuses and commissions, for all hours worked in excess of 40 per week.

44. Defendant willfully violated the FLSA by knowingly failing to pay its employees their full overtime rates.

45. At all relevant times Defendant knowingly failed to pay wages to Plaintiff and similarly situated employees in accordance with the FLSA.

46. At all relevant times Defendant intended to deprive Plaintiff and similarly situated employees of the overtime wages to which they were entitled, or acted with reckless disregard for the rights of Plaintiff and similarly situated employees.

## V.   FLSA COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as a Representative Plaintiff on behalf of themselves and all other similarly situated employees. The similarly situated employees are as follows:

   a. **FLSA Collective**: All past and present employees of Defendant who, within the date three years prior to the filing of this suit to the trial of this action, worked as a salesperson, including but not limited to loan officers, loan originators, loan processors, loan

consultants, loan analysts, closers, closing associates, client advisors, inside sales reps, sales consultants, and client relations specialists. These employees have all been subject to the same policy and/or practice of Defendant of omitting bonuses, commissions, and other eligible remuneration earned in calculating their overtime pay rates.

48. Plaintiff is aware of other employees who are similarly situated.

49. Plaintiff estimates that there may be 500 or more similarly situated employees who fit the above definition who were deprived of overtime pay because Defendant failed to include their bonuses, commissions, or other eligible remuneration in calculating their overtime rates. At any given time, Defendant employs approximately 300 loan officers and 200 loan processors alone. This number does not include closers and other similar employees who fit the above definition because Defendant failed to include their bonuses, commissions, or other eligible remuneration in calculating their overtime rates.

50. Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime wages by not including bonuses, commissions, and/or other eligible remuneration in calculating overtime rates.

51. Within the past three years, Plaintiffs and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying overtime wages by not compensating them for all overtime hours worked in each 7-day workweek.

52. Upon information and belief, Plaintiffs and similarly situated employees were paid under a similar pay scheme which deprived them of full overtime pay.

53. Upon information and belief, these employees perform work which entitles them to payment of overtime compensation that they have not fully received, due to Defendant's failure to include all required remuneration in calculating their overtime rates of pay.

9

54. Upon information and belief, Defendant compensated, and continues to compensate, those similarly situated to Plaintiff and similarly situated employees on a uniform compensation basis.

55. Defendant's policy of omitting bonuses, commissions, and other eligible remuneration from the overtime rate calculation to avoid paying full overtime wages amounted to a willful or reckless disregard of its employees' rights under the FLSA.

56. Defendant's policy of not paying for all overtime hours worked in each 7-day workweek to avoid paying full overtime wages amounted to a willful or reckless disregard of its employees' rights under the FLSA.

57. Defendant had no good faith basis to believe that these employees were not entitled to overtime at the full rate required by the FLSA.

58. Plaintiff asserts that Defendants' willful disregard of the overtime laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period under the FLSA.

59. Plaintiff's job duties, and the job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

60. At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

61. Defendant is liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendant who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant

and are readily identifiable through Defendant's records.

62. Plaintiffs reserve the right to propose amended class definitions and/or sub-classes in their motions for collective action certification.

A. **Notice of Filing of Consent to Become a Party Plaintiff.**

63. Plaintiff Lucas hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiff Lucas' Written Consent Forms is attached as Exhibit 1.

VII. **Claims**

### Count I: Violations of the FLSA
### (Overtime Violations)
### (On Behalf of Plaintiff and FLSA Collective)

64. Plaintiff alleges and incorporate by reference the preceding paragraphs as if fully set forth herein.

65. At all times relevant herein, Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employee has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

66. The FLSA requires covered employers, such as Defendant, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, Plaintiff and all similarly situated employees are entitled to overtime compensation at one and one-half times their regular rates of pay for work performed in excess of forty hours per week.

67. The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e).

68. By failing to include bonuses, commissions, and all other eligible remuneration in

11

calculating the regular rates and overtime rates paid to Plaintiff and similarly situated employees, Defendant has violated, and continues to violate the FLSA. Through this practice, Defendant paid and continues to pay these employees less overtime wages than it is required to pay under the FLSA.

69. By failing to compensate Plaintiff and similarly situated employees with their full overtime wages for their overtime hours worked, Defendant has violated, and continues to violate the FLSA.

70. By failing to pay Plaintiff and similarly situated employees for all overtime hours worked in each 7-day workweek, Defendant has violated, and continues to violate the FLSA.

71. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

72. Plaintiff seeks damages for herself and all others similarly situated in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and equitable relief as the Court deems just and proper.

**73.** Plaintiff Lucas hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216. Plaintiff Lucas' Written Consent Form is attached as Exhibit 1.

### FLSA Relief Requested

Wherefore, Plaintiff requests the following Relief against Defendant for herself and all similarly situated employees:

    A. An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members,

    notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B. Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C. Judgment against Defendant for violations of the overtime and/or minimum wage provisions of the FLSA;

D. Judgment that Defendant's violations as described above were willful;

E. Money damages for all unpaid overtime compensation;

F. Liquidated damages in an amount equal to all unpaid overtime owed to Plaintiff and similarly situated employees;

G. Pre-judgment and post-judgment interest;

H. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I. Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

J. Any and all further relief permissible by law.

## **Demand for Jury Trial**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby requests a TRIAL BY JURY for all claims and issues so triable.

Dated: February 1, 2022

Respectfully submitted,

**CORRINE LUCAS,**
**on behalf of herself and all others similarly situated**

By Counsel

/s/ Michele A. Moreno, Esq.
Lloyd R. Ambinder, Esq.
Michele A. Moreno, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Facsimile: (212) 943-9082
lambinder@vandallp.com
mmoreno@vandallp.com

/s/Timothy Coffield
Timothy Coffield (VSB No. 83430)
*Pro Hac Vice Anticipated*
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
P: (434) 218-3133 F: (434) 321-1636
tc@coffieldlaw.com

and

/s/ Craig Juraj Curwood
Craig Juraj Curwood (VSB No. 43975)
Zev Antell (VSB No. 74634)
*Pro Hac Vice Anticipated*
ButlerCurwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
804.648.4848
craig@butlercurwood.com
zev@butlercurwood.com

Counsel for Plaintiffs

# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

CORRINE LUCAS, individually and on behalf of and all others similarly situated,

                Plaintiffs,

v.

INTERCONTINENTAL CAPITAL GROUP, INC.,

                Defendant.

CASE NO.

**CONSENT TO OPT-IN AND BECOME PARTY TO
COLLECTIVE ACTION UNDER 29 U.S.C. § 216**

---

      I hereby consent to opt-in to become a plaintiff in this representative action pursuant to 29 U.S.C. § 216(b) and/or state laws.

*/s/ Corrine Lucas*
_____
Signature

Corrine Lucas
_____
Printed Name